**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:    **Curtis Lee White, Debtor**                    **Case No. 25-50808-KMS**
                                                                                    **CHAPTER 13**

## NOTICE OF FILING CHAPTER 13 PLAN AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

The above-named Debtor has filed a *Chapter 13 plan and Motions for Valuation and Lien Avoidance* (the "Plan") with the Bankruptcy Court in the above referenced case (see attachment).

Any objection to confirmation of the Plan or the motions contained therein shall be filed in writing with the Clerk of Court at Dan M. Russell, Jr. U.S. Courthouse 2012 15th Street, Suite 244 Gulfport, MS 39501 on or before July 30, 2025. Copies of the objection must be served on the Trustee, US Trustee, Debtor, and Attorney for Debtor.

Objections to confirmation will be heard and confirmation determined on August 19, 2025 at 01:30 PM in the William Colmer Federal Building, 701 N. Main Street, Hattiesburg, MS 39401, unless the court orders otherwise. If no objection is timely filed, the Plan may be confirmed without a hearing.

Date: June 5, 2025                         /s/ Thomas C. Rollins, Jr.
                                                        *Thomas C. Rollins, Jr., Attorney for Debtor*

Thomas C. Rollins, Jr., MSB# 103469
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
trollins@therollinsfirm.com
601-500-5533

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Curtis Lee White** |
| | Full Name (First, Middle, Last) |
| Debtor 2 | |
| (Spouse, if filing) | Full Name (First, Middle, Last) |
| United States Bankruptcy Court for the | **SOUTHERN DISTRICT OF MISSISSIPPI** |
| Case number: | |
| (If known) | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

_____

# Chapter 13 Plan and Motions for Valuation and Lien Avoidance

**12/17**

---

<table>
<tr><td>Part 1:</td><td>Notices</td></tr>
</table>

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.

In the following notice to creditors, you must check each box that applies

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.**

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

<table>
<tr><td>Part 2:</td><td>Plan Payments and Length of Plan</td></tr>
</table>

**2.1     Length of Plan.**

The plan period shall be for a period of __**60**__ months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2     Debtor(s) will make payments to the trustee as follows:**

Debtor shall pay __**$2,310.00**__ (☑ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

**Direct.** _____

_____

_____

APPENDIX D                                    Chapter 13 Plan                                    Page 1

Debtor    **Curtis Lee White**                                    Case number

Joint Debtor shall pay _____ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

**2.3    Income tax returns/refunds.**

*Check all that apply*

☑ Debtor(s) will retain any exempt income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

| Part 3: | **Treatment of Secured Claims** |
|---|---|

**3.1    Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).**

*Check all that apply.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.1(a)** **Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. §
☑ 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

**1**     Mtg pmts to    **Carrington Mortgage**

Beginning    **July 2025**                 @          **$1,275.68** ☑ Plan    ☐ Direct.    Includes escrow ☑ Yes ☐ No

**1**     Mtg arrears to    **Carrington Mortgage**    Through    **June 2025**                  **$4,144.65**

**3.1(b)** ☐    **Non-Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

Property    **-NONE-**
           address:

Mtg pmts to
Beginning    month               @                        Plan        Direct.        Includes escrow  Yes  No

Property **-NONE-** Mtg arrears to                     Through

**3.1(c)** ☐    **Mortgage claims to be paid in full over the plan term:** Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor.

Creditor:    **-NONE-**              Approx. amt. due:              Int.
                                                                  Rate*:

Property Address:
Principal Balance to be paid with interest at the rate above:
(as stated in Part 2 of the Mortgage Proof of Claim Attachment)
Portion of claim to be paid without interest: $
(Equal to Total Debt less Principal Balance)

Special claim for taxes/insurance: $                 **-NONE-** /month, beginning    month .
(as stated in Part 4 of the Mortgage Proof of Claim Attachment)

**Mississippi Chapter 13 Plan**                                   Page 2

Debtor     **Curtis Lee White**                  Case number

\* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District
*Insert additional claims as needed.*

**3.2**      **Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*.

☐     **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
      ***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☑     Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims, debtor(s) hereby move(s) the court to value the collateral described below at the lesser of any value set forth below or any value set forth in the proof of claim. Any objection to valuation shall be filed on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I).

      The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| OneMain Financial | $11,898.00 | 2011 Lexus LS 460 220000 miles | $7,110.00 | $7,110.00 | 10.00% |

*Insert additional claims as needed.*

#For mobile homes and real estate identified in § 3.2: Special Claim for taxes/insurance:

| Name of creditor | Collateral | Amount per month | Beginning |
|---|---|---|---|
| -NONE- | | | month |

\* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District

For vehicles identified in § 3.2: The current mileage is _____

**3.3**      **Secured claims excluded from 11 U.S.C. § 506.**

    *Check one.*
      ☑    **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4**      **Motion to avoid lien pursuant to 11 U.S.C. § 522.**

    *Check one.*
      ☑    **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5**      **Surrender of collateral.**

    *Check one.*
      ☐    **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
      ☑    The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| 1st Franklin | Household Goods |
| Family Choice | Household Goods |
| Tower Loan | Household Goods |

Debtor     **Curtis Lee White**                  Case number

*Insert additional claims as needed.*

| Part 4: | **Treatment of Fees and Priority Claims** |
| --- | --- |

**4.1**       **General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2**       **Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3**       **Attorney's fees.**

       ☑ No look fee:    **4,600.00**

            Total attorney fee charged:       $**4,600.00**

            Attorney fee previously paid:       $**272.00**

            Attorney fee to be paid in plan per confirmation order:       $**4,328.00**

       ☐ Hourly fee: $_____. (Subject to approval of Fee Application.)

**4.4**       **Priority claims other than attorney's fees and those treated in § 4.5.**

       *Check one.*

       ☐    **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
       ☑    Internal Revenue Service     **$17,000.00**             .
       ☐    Mississippi Dept. of Revenue     **$0.00**             .
       ☐    Other                  **$0.00**         .

**4.5**       **Domestic support obligations.**

       ☑    **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

| Part 5: | **Treatment of Nonpriority Unsecured Claims** |
| --- | --- |

**5.1**       **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

       ☐    The sum of $
       ☑       **100.00**    % of the total amount of these claims, an estimated payment of $   **14,749.00**
       ☑    The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**105,391.30** Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2**       **Other separately classified nonpriority unsecured claims (special claimants).** *Check one*.

       ☑    **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

| Part 6: | **Executory Contracts and Unexpired Leases** |
| --- | --- |

| Debtor | **Curtis Lee White** | Case number | |
|---|---|---|---|

**6.1** **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

    ☑       **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

<br>

**Part 7:**   **Vesting of Property of the Estate**

**7.1**     **Property of the estate will vest in the debtor(s) upon entry of discharge.**

**Part 8:**   **Nonstandard Plan Provisions**

**8.1**     **Check "None" or List Nonstandard Plan Provisions**
        ☐      **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.**
 **Absent an objection, any Proof of Claim filed by the IRS and/or MS Dept. of Revenue shall be paid pursuant to the claim.**

**Part 9:**   **Signatures:**

**9.1**     **Signatures of Debtor(s) and Debtor(s)' Attorney**
*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

| X  **/s/ Curtis Lee White** | X   |
|---|---|
| **Curtis Lee White** | Signature of Debtor 2 |
| Signature of Debtor 1 | |
| | |
| Executed on  **June 2, 2025** | Executed on   |
| | |
| **1305 N 7th Ave** | |
| Address | Address |
| **Laurel MS 39440-0000** | |
| City, State, and Zip Code | City, State, and Zip Code |
| | |
| Telephone Number | Telephone Number |

| X  **/s/ Thomas C. Rollins, Jr.** | Date  **June 2, 2025** |
|---|---|
| **Thomas C. Rollins, Jr. 103469** | |
| Signature of Attorney for Debtor(s) | |
| **P.O. Box 13767** | |
| **Jackson, MS 39236** | |
| Address, City, State, and Zip Code | |
| **601-500-5533** | **103469 MS** |
| Telephone Number | MS Bar Number |
| **trollins@therollinsfirm.com** | |
| Email Address | |

## **CERTIFICATE OF SERVICE**

I, Thomas C. Rollins, Jr., attorney for the Debtor, do herby certify that by filing the attached Notice and Chapter 13 Plan, I have caused the following partied to be served electronically via ECF:

Case Trustee
Office of the US Trustee

I certify that I have this day served a true and correct copy of the attached Notice and Chapter 13 Plan by US Mail[1], postage prepaid, to the following creditor(s) listed in Sections 3.2 and/or 3.4 of the Plan pursuant to Fed. R. Bankr. P. 7004:

One Main Financial
c/o C.T. Corporation System
645 Lakeland Drive East Dr., STE 101
Flowood, MS 39232

I further certify that I have this day served a true and correct copy of the Notice and Chapter 13 Plan by US Mail, postage prepaid, to all other parties listed on the attached master mailing list (matrix).

Date: June 5, 2025                          /s/ Thomas C. Rollins, Jr.
                                            *Thomas C. Rollins, Jr., Attorney for Debtor*

Thomas C. Rollins, Jr., MSB# 103469
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
trollins@therollinsfirm.com
601-500-5533

---

[1] If the creditor is an insured depository institution, service has been made by certified mail.

1

2

3

4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

5

6
| IN RE: | CASE NO: 25-50808 |

CURTIS LEE WHITE

7
**DECLARATION OF MAILING
CERTIFICATE OF SERVICE**

Chapter: 13

8

9

10

11
On 6/5/2025, I did cause a copy of the following documents, described below,

12
Notice and Plan

13

14

15

16

17

18

19
to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

20

21
I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice. com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

22

23
Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 6/5/2025

24
/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.

25

26
The Rollins Law Firm
702 West Pine St
Hattiesburg, MS  39401

27
601 500 5533
trollins@therollinsfirm.com

28

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

CURTIS LEE WHITE

CASE NO: 25-50808

**CERTIFICATE OF SERVICE
DECLARATION OF MAILING**

Chapter: 13

On 6/5/2025, a copy of the following documents, described below,

Notice and Plan

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 6/5/2025

Miles Wood
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 West Pine St
Hattiesburg, MS  39401

USPS FIRST CLASS MAILING RECIPIENTS:
Parties with names struck through or labeled CM/ECF SERVICE were not served via First Class USPS Mail Service.

FIRST CLASS

ONE MAIN FINANCIAL
CO CT CORPORATION SYSTEM
645 LAKELAND EAST DRIVE SUITE 101
FLOWOOD  MS 39232

CASE INFO

 LABEL MATRIX FOR LOCAL NOTICING
NCRS ADDRESS DOWNLOAD
CASE 25-50808
SOUTHERN DISTRICT OF MISSISSIPPI
THU JUN 5 10-30-44 PST 2025

EXCLUDE

US BANKRUPTCY COURT
DAN M RUSSELL  JR US COURTHOUSE
2012 15TH STREET  SUITE 244
GULFPORT  MS 39501-2036

1ST FRANKLIN
2001 HIGHWAY 15 N
LAUREL  MS 39440-1838

(P)CARRINGTON MORTGAGE SERVICE LLC
1600 S DOUGLAS RD SUITE 110
ANAHEIM CA 92806-5951

CREDIT ONE BANK
ATTN BANKRUPTCY DEPT
6801 CIMARRON RD
LAS VEGAS  NV 89113-2273

ELAN FINANCIAL SERVICE
CB DISPUTES
SAINT LOUIS  MO 63166

(P)FAMILY CHOICE FINANCIAL
3208 SERVICE DRIVE
SUITE E
PEARL MS 39208-3539

INTERNAL REVENUE SERVI
CENTRALIZED INSOLVENCY
PO BOX 7346
PHILADELPHIA  PA 19101-7346

INTERNAL REVENUE SERVI
CO US ATTORNEY
ETHRIDGE BUILDING
900 JEFFERSON AVE
OXFORD  MS 38655-3608

INTERNAL REVENUE SERVICE
CO US ATTORNEY SD OF MISS
501 E COURT STREET  STE 4430
JACKSON  MS 39201-5025

MARINER FINANCE
ATTN BANKRUPTCY
8211 TOWN CENTER DRIVE
NOTTINGHAM  MD 21236-5904

MERRICK BANK CORP
PO BOX 9201
OLD BETHPAGE  NY 11804-9001

MISSISSIPPI TITLE LOAN
211 BROADWAY DR
STE A
HATTIESBURG  MS 39401-5075

ONEMAIN FINANCIAL
ATTN BANKRUPTCY
PO BOX 142
EVANSVILLE  IN 47701-0142

(P)TOWER LOAN
P O BOX 320001
FLOWOOD MS 39232-0001

US DEPARTMENT OF HOUSING AND URBAN
DEVELOP
77 FORSYTH STREET SW
ATLANTA  GA 30303-3490

US ATTORNEY GENERAL
US DEPT OF JUSTICE
950 PENNSYLVANIA AVENW
WASHINGTON  DC 20530-0001

EXCLUDE

UNITED STATES TRUSTEE
501 EAST COURT STREET
SUITE 6-430
JACKSON  MS 39201-5022

DEBTOR

CURTIS LEE WHITE
1305 N 7TH AVE
LAUREL  MS 39440-2201

EXCLUDE

(P)DAVID RAWLINGS
ATTN DAVID RAWLINGS CHAPTER 13 TRUSTEE
PO BOX 566
HATTIESBURG MS 39403-0566

EXCLUDE

THOMAS CARL ROLLINS JR
THE ROLLINS LAW FIRM  PLLC
PO BOX 13767
JACKSON  MS 39236-3767